AMERICAN SURETY COMPANY OF NEW YORK, APPELLANT, v. FIRST TRUST COMPANY OF AURORA, APPELLEE.

FILED MAY 19, 1933.   No. 28524.

*Montgomery, Hall & Young* and *Charles F. Adams,* for appellant.

*Craft, Edgerton & Fraizer, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is a suit by the American Surety Company, plaintiff, surety on the official bond of Murlin F. Brock as a school district treasurer, to recover the amount of school funds which he mingled with funds of the First Trust Company of Aurora and embezzled. Brock deposited $2,929.88 of school district funds in the checking account of the First Trust Company in the Farmers State Bank of Aurora, from which he withdrew and embezzled $920. The records of the First Trust Company showed the items of school district funds deposited and the withdrawals. Plaintiff, the surety, restored to the school district the amount of Brock's shortage; charged him and the First Trust Company, defendants, jointly with conversion; sought to impress with a trust the school funds deposited to the credit of the First Trust Company; pleaded on behalf of the surety, by virtue of assignment and subrogation, the initial rights of the school district; prayed for judgment against the First Trust Company for the amount of the mingled funds which Brock embezzled. The facts upon which plaintiff sought relief were pleaded in detail.

The suit was defended on the grounds that the First Trust Company committed no wrong; that Brock, while acting as bookkeeper for the First Trust Company, during a temporary absence of the regular bookkeeper, surreptitiously deposited to its credit in its checking account in the Farmers State Bank of Aurora $2,929.88 belonging to the school district of which he was treasurer; that he afterwards drew out at three different times and embezzled $920, the amount in controversy, leaving in the account a remainder of $2,009.88; that the deposit in the name of the First Trust Company was unauthorized; that the First Trust Company and its officers had no knowledge of the deposit or of the withdrawals until

after the felony had been committed; that Brock was dismissed from the service of the First Trust Company without delay; that the remainder of the deposit, $2,-009.88, was promptly restored to and accepted by the school district; that the First Trust Company received no benefit from the unauthorized deposit or from the withdrawals; that Brock did not act for it in making the deposit; that the First Trust Company did not borrow any school funds; that Brock, while withdrawing the $920, was the treasurer of the school district and was entitled to possession of the school funds entrusted to him in his official capacity. Unadmitted matter pleaded in the answer was denied in a reply.

Upon a trial of the cause, the district court found the issues in favor of the First Trust Company and dismissed the suit as to it. Plaintiff appealed.

In the brief and at the bar, counsel for plaintiff ably argued the propositions that the judgment below is not supported by competent evidence; that the records of the First Trust Company show that it had on deposit to its credit in the Farmers State Bank funds in the sum of $2,929.88 belonging to the school district of which Brock was treasurer; that it returned to the school district, the owner of the funds, only $2,009.88 thereof, leaving a balance of $920; that plaintiff restored the embezzled funds and to that extent was subrogated to the rights of the school district; that Brock was the agent of the First Trust Company in making the deposit and in withdrawing part of it; that it was chargeable with notice of its own records and with what Brock did in its name; that by its own wrong-doing it became a trustee with the duty of returning the entire deposit to the school district; that there is no competent proof to overcome evidence of the facts entitling plaintiff to relief.

The cause was tried to the court without a jury and it will therefore be assumed on appeal that competent evidence only was considered below. Except by inference there is nothing to connect the First Trust Company with

any wrongful act in connection with funds of the school district. There is direct evidence that the records and book entries made by Brock as bookkeeper were not examined by any officer of the First Trust Company prior to the embezzlement; that he had no authority to make the deposit as he did; that he did so for his own purposes exclusively; that the First Trust Company did not profit by the deposit or by the withdrawals. While treasurer, Brock was the proper custodian of the school district funds and had a right to possession thereof for the purpose of discharging his official duties. For that purpose, the First Trust Company, had it known of the deposit, could have turned it over to him as treasurer without liability for subsequent disbursement, in absence of any reason to suspect he would misappropriate it. *State v. Farmers & Merchants Bank,* 112 Neb. 840. Embezzlement after the withdrawal of the $920 from the Farmers State Bank was a felony in which the First Trust Company had no part. After Brock's removal as treasurer, upon discovery of the deposit and the shortage, the remainder of the deposit was turned over to the school district. Direct evidence not discredited proves that the First Trust Company and its officers knew nothing of the deposit or of the withdrawals or of the embezzlement or of Brock's book entries until after the felony had been committed. The First Trust Company, therefore, was not a participant in the wrong that made plaintiff liable on the treasurer's bond for the shortage. Competent evidence proves the defenses and overcomes the inferences in favor of plaintiff's cause of action. Prejudicial error has not been found in the record.

AFFIRMED.